IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT RIVEROS, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 3:23-CV-798-N-BT |
| | § | (NO. 3:16-CR-326-N) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

This order addresses the motion of Robert Riveros under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply,[1] the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.    BACKGROUND**

The record in the underlying criminal case reflects the following:

On October 4, 2016, Movant was named in a seven-count superseding indictment charging him in count one with conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a), in counts two, four, and six with interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) and 2, and in counts three, five, and seven with using, carrying, and brandishing a firearm in relation to and in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. CR ECF No.[2] 28. Movant entered into a plea agreement pursuant

---

[1] To the extent the reply might be an attempt to raise additional issues in support of the motion, the claims come too late. *United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998) (movant has no right to amend without leave after the government files its response to a 2255 motion); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) (same; issues not properly raised will not be considered).

[2] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 3:16-CR-326-N.

to which he agreed to plead guilty to the offenses charged in counts one, four, five, six, and seven of the superseding indictment and the government agreed not to bring any additional charges against him based upon the conduct underlying and related to his guilty plea and to dismiss any remaining charges. CR ECF No. 121. In addition, the plea agreement set forth that the penalties for each offense; that Movant had discussed the guidelines with counsel but understood that no one could predict the sentence that would be imposed; that the plea was freely and voluntarily made and not the result of force, threats, or promises; that Movant waived his right to appeal or otherwise challenge the conviction and sentence except in certain limited circumstances; and that Movant had thoroughly reviewed all legal and factual aspects of the case with counsel and was fully satisfied with the legal representation provided him. *Id.* Movant and counsel also signed a factual resume that set forth the elements of each offense to which Movant was pleading guilty and the stipulated facts establishing that he had committed those offenses.[3] CR ECF No. 120. On May 23, 2019, Movant entered his plea of guilty, testifying under oath to the facts establishing that the plea was knowing, voluntary, and intelligent. CR ECF No. 289. The probation officer prepared the presentence report ("PSR"), which reflected that the offenses had occurred in 2016 and that the 2018 Guidelines Manual was used to determine Movant's offense level. CR ECF No. 187, ¶ 38. On October 5, 2020, Movant was sentenced to terms of imprisonment of 120 months as to counts 1, 4 and 6, to run concurrently, and 84 months as to count 5 and 60 months as to count 7, to run consecutively to each other and to counts 1, 4, and 6, for a total time in custody of 264 months. CR ECF No. 256. Movant did not appeal.

---

[3] They also signed an amended factual resume including a correction to the stipulated facts. CR ECF No. 137.

## II.	GROUNDS OF THE MOTION

Movant raises two grounds in support of his motion. First, he received ineffective assistance because his counsel failed to ensure that he received the benefit of Section 403 of the First Step Act of 2018. ECF No.[4] 2. Second, Hobbs Act robbery is not a qualifying crime of violence, so his convictions under Section 924(c) must be vacated. ECF No. 1.

## III.	APPLICABLE LEGAL STANDARDS

### A.	28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a

---

[4] The "ECF No. __" reference is to the number of the item on the docket in this civil case.

later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

IV.     ANALYSIS

    A.      **Timeliness of the Motion**

On March 23, 2023, Movant filed what purported to be a supplement to a motion under Section 2255 that he alleged he had filed on or about September 27, 2021, reciting that the government had not responded to the original motion. ECF No. 1. He also filed a memorandum of law in support of Section 2255 motion, which he certified as having been mailed to the office of the United States Attorney for the Northern District of Texas on August 9, 2021. ECF No. 2. Because the Court had not received the purported original motion, the magistrate judge issued a questionnaire concerning Movant's filings, noting that the motion appeared to be untimely. ECF No. 4. Movant responded to the questionnaire, ECF No. 5, and the Court ordered the government to respond. ECF No. 6. The government filed its response, ECF No. 8, and Movant has filed his reply. ECF No. 13.

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have

been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). Here, Movant did not appeal so the judgment became final October 19, 2020. *Clay v. United States*, 537 U.S. 522, 527 (2003); FED. R. APP. P. 4(b)(1)(A).

As the government notes, Movant's motion is untimely. ECF No. 8 at 2. Under the prison mailbox rule, a prisoner's motion is deemed filed when it is delivered to prison authorities for mailing to the clerk's office. *Houston v. Lack*, 487 U.S. 266, 270–71 (1988); *Medley v. Thaler*, 660 F.3d 833, 840 (5th Cir. 2011). At that point, the prisoner has "done all that could reasonably be expected to get the [document] to its destination [in a timely manner]." *Lack*, 487 U.S. at 270 (quoting *Fallen v. United States*, 378 U.S. 139, 144 (1964)). Failure to stamp or properly address outgoing mail does not constitute compliance with the requirement that a prisoner do all he can reasonably do to assure that documents are received by the clerk in a timely manner. *Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993); *Redmond v. Richardson*, No. 99-11390, 2000 WL 1701721 (5th Cir. Oct. 30, 2000) (improperly addressed document does not meet the test). Here, as reflected on the receipt attached to the motion, ECF No. 2, and in Movant's answers to the questionnaire, ECF No. 5 at 1, Movant incorrectly addressed his original motion and it was not received by the Clerk until 2023. The motion is untimely.

  B.  **Merits**

Movant first alleges that his counsel was ineffective in failing to assure that he received the benefit of Section 403 of the First Step Act. ECF No. 2. The record reflects, however, that Movant received the benefit of the Act, which became effective December 21, 2018. *See United States v. Gomez*, 960 F.3d 173, 177 (5th Cir. 2020). But for the First Step Act, Movant would have been subject to seven-year term of imprisonment for the first gun count (count five) and a

6

consecutive twenty-five year term of imprisonment for the second (count seven). *Id.* at 176–77. The first ground is without merit.

Movant's second ground appears to be based on the misconception that Hobbs Act robbery is not a crime of violence. ECF No. 1. Attempted Hobbs Act robbery no longer qualifies, *United States v. Taylor*, 596 U.S. 845 (2022), but Hobbs Act robbery is a crime of violence. *United States v. Robinson*, 67 F.4th 742, 750–53 (5th Cir. 2023). *See United States v. Hill*, 63 F.4th 335, 363 (5th Cir. 2023) (Hobbs Act robbery is a crime of violence under the elements clause); *United States v. Madrid-Paz*, No. 22-20397, 2023 WL 7013354, at *2 (5th Cir. Oct. 24, 2023) (same).

Thus, even had the motion been timely filed, Movant could not prevail.

### V. CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 25th **day** of **September, 2024**.

_____
David C. Godbey
Chief United States District Judge

7